a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| DILNOZA TURAEVA,<br>Petitioner | CIVIL DOCKET NO. 3:26-CV-00608 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BRIAN ACUNA ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Dilnoza Turaeva ("Turaeva"). ECF No. 1. Turaeva is an immigration detainee at Richwood Correctional Center in Monroe, Louisiana.

Turaeva is a native and citizen of Uzbekistan who entered the United States without inspection on or about November 2, 2024. ECF No. 7-1 at 1. After an asylum officer determined that she had demonstrated a credible fear, she was placed in removal proceedings under § 240 of the Immigration and Nationality Act. *Id.* An immigration judge ordered her removed on June 27, 2025, and her appeal to the Board of Immigration Appeals remains pending. ECF No. 7-1 at 6-9; ECF No. 13-1 at 18-23.

Turaeva contends that her continued detention without an individualized custody hearing violates the Due Process Clause of the Fifth Amendment. ECF No. 8 at 1-7.

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Id.* at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an

individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 14 days after service of this Order, Turaeva shall file a supplemental memorandum, not exceeding seven (7) pages, addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of her claims, including whether *Sosnava Rodriguez* applies to detention under 8 U.S.C. § 1225(b)(1)(B)(ii), and explaining why any claim remains viable. Turaeva shall separately identify any claim she maintains solely to preserve it for further review.

IT IS FURTHER ORDERED that Respondents may file a response, not exceeding seven (7) pages, within 7 days after the supplemental memorandum is filed.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE